```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION
```

EQUAL EMPLOYMENT OPPORTUNITY        \*
COMMISSION,
                                    \*
    Plaintiff,
                                    \*       CASE NO. 3:09-CV-85 (CDL)
vs.
                                    \*
PIZZA & SUB EXPRESS, INC.,
                                    \*
    Defendant.
                                    \*

O R D E R

This action arises from Stephanie Willis's allegations that while she was employed by Defendant Pizza & Sub Express, Inc. ("Pizza & Sub Express"), she was subjected to a sexually hostile work environment. Plaintiff Equal Employment Opportunity Commission ("EEOC") filed the present complaint against Ms. Willis's employer, Pizza & Sub Express, pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Ms. Willis, the aggrieved employee, now seeks to intervene in this action. Ms. Willis also seeks leave of Court to join Warren Huddleston, the general manager of Pizza & Sub Express who allegedly harassed her, as an individual defendant in this action.[1] Presently pending before the Court is the Motion of Stephanie Willis to Intervene (Doc. 2). For the following reasons, Ms. Willis's motion is granted.

---

[1] In her proposed complaint, Ms. Willis alleges state law claims of assault and battery, invasion of privacy, and intentional infliction of emotional distress against Huddleston (as well as Pizza & Sub Express).

1

DISCUSSION

Federal Rule of Civil Procedure 24(a)(1) provides that "[o]n [a] timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute[.]" In this case, Ms. Willis must establish that (1) there is a federal statute that confers an unconditional right to intervene, and (2) her motion to intervene was timely. The Court finds that Ms. Willis has satisfied both requirements under Rule 24(a)(1).

It is beyond dispute that Title VII confers an aggrieved employee with an unconditional right to intervene in civil lawsuits brought by the EEOC.  42 U.S.C. § 2000e-5(f)(1) ("The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission . . . ."); *see, e.g., E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002) ("If . . . the EEOC files suit on its own, the employee . . . may intervene in the EEOC's suit."). Therefore, the Court finds that Ms. Willis, as an aggrieved employee, has an unconditional right to intervene in this case.

As to the second requirement, the Eleventh Circuit has established four factors a court must consider in determining whether a motion to intervene is timely:

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual

2

>    circumstances militating either for or against a determination that the application is timely.

*United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983).  In this case, the Court finds that Ms. Willis's motion to intervene was timely.  She filed her motion a mere four days after the EEOC notified her of her right to intervene.  (*Compare* Ex. A to Mot. of Stephanie Willis to Intervene, EEOC Letter, July 10, 2009, *with* Mot. of Stephanie Willis to Intervene, July 14, 2009.)  No evidence exists that her intervention will cause any undue delay or prejudice to the parties.  She has an interest in this litigation that may not be protected adequately without her participation; and finally, no unusual circumstances exist that militate against a determination of timeliness.  Therefore, the Court finds that Ms. Willis's motion to intervene should be granted.[2]

---

[2] Although Pizza & Sub Express acknowledges that 42 U.S.C. § 2000e-5(f)(1) "provides an aggrieved party [with] the right to intervene when the EEOC has filed suit under Title VII" (Def. Pizza & Sub Express, Inc.'s Resp. to Stephanie Willis's Mot. to Intervene 5 [Def.'s Resp.]), Pizza & Sub Express contends that it is not subject to Title VII because it is not "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year," (*Id.* (quoting 42 U.S.C. § 2000e(b)).

Pizza & Sub Express requests that the Court "withhold ruling on Ms. Willis's Motion to Intervene" until "counsel's discussions on the issue of Title VII's definition of employer . . . [are] exhausted." (Def.'s Resp. 7.)  The Court declines to withhold its ruling on this motion, and notes that Pizza & Sub Express's contention that it is not an "employer" under Title VII would be an argument more suitably made in a motion for summary judgment.

3

CONCLUSION

Based on the foregoing, the Motion of Stephanie Willis to Intervene (Doc. 2) is granted.  Ms. Willis shall file her complaint within fourteen days of the date of this Order and have it served upon Defendants Pizza & Sub Express and Huddleston as provided by law.  Defendants shall have twenty days from the date of service of the complaint to file any responsive pleadings.

IT IS SO ORDERED, this 3rd day of September, 2009.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
